IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv–0222−JPG |
| | ) | |
| VENERIO SANTOS and | ) | |
| ARNEL GARCIA | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael Brewer, an inmate in Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune
> from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

1

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Complaint**

On January 7, 2016, Plaintiff attempted to climb onto his bunk, when his wrist gave out on him and he fell backward into the wall behind him. (Doc. 1, p. 5). Plaintiff tried to catch himself, but ended up catching his finger on the edge of the wall. *Id*. He submitted a sick call slip. *Id.*

On January 12, 2016, Plaintiff saw Dr. Santos for a routine check of his asthma. *Id.* While there, he mentioned that he was experiencing pain in his right fifth digit and showed Santos his disfigurement. *Id.* Santos told Plaintiff it was a sprain and suggested that Plaintiff ice the injury. *Id.* Plaintiff told Santos he had been icing the injury, to little effect. *Id.* Santos replied that Plaintiff was not a doctor, and that his finger was sprained. *Id.* He denied Plaintiff an x-ray or any pain medication. *Id.* He also suggested that Plaintiff should cancel his sick call request so that he would not be charged an additional $5 co-pay to hear the same thing. *Id.* Relying on this advice, Plaintiff refused his health care visit 2 days later. (Doc. 1, p. 6).

But Plaintiff's finger did not heal, and so on approximately January 21, 2016, he put in another request slip. *Id.* Dr. Garcia saw Plaintiff on January 27, 2016, at which time Plaintiff recounted his prior conversation with Santos. *Id.* Garcia also concluded that the finger was

2

sprained, and told Plaintiff to ice it. *Id.* Garcia also denied Plaintiff an x-ray, but gave him some pain medication for his finger. *Id.*

Plaintiff still failed to improve, and he was seen in the health care unit again on April 13, 2016 in response to his request for an x-ray. *Id.* This time, his request was granted. *Id.* Santos told Plaintiff that the x-ray showed that Plaintiff had a chipped facture to his right fifth digit finger. (Doc. 1, p. 7). Santos further told Plaintiff that his finger had to be reset and straightened to heal properly. *Id.* As of February 23, 2017, Plaintiff had received no other treatment and continued to experience pain and suffering. *Id.* His finger is also disfigured, and he has trouble gripping and holding items. *Id*.

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 1 count. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

> **Count 1 –** Santos and Garcia were deliberately indifferent to Plaintiff's broken finger when they dismissed it as a sprain without ordering x-rays or providing sufficient treatment.

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been

"diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Here Plaintiff has alleged that he broke his hand more than 1 year ago. A broken hand is plausibly a serious medical condition. Furthermore, Plaintiff has alleged that both defendants told him it was a sprain, despite declining to order him an x-ray, which would have confirmed the diagnosis. As to Santos, Plaintiff alleges that he did not provide Plaintiff with any treatment to date, including pain medication, and discouraged him from seeking further medical attention. At this stage, these allegations are sufficient to state a deliberate indifference claim against the defendants, and so the Court will allow the Complaint to proceed.

Plaintiff has named both defendants in their individual and official capacities. The only time it is appropriate to name a defendant in his or her official capacity is when a plaintiff seeks

injunctive relief. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Here, Plaintiff has not requested any injunctive relief in the Complaint, although he has alleged that the lack of medical care is ongoing. Plaintiff has only requested monetary damages, which he may recover only against the Defendants in their individual capacities. For these reasons, the Court will dismiss the official capacity claims against Santos and Garcia at this time, although the dismissal shall be without prejudice should Plaintiff request injunctive relief in the future.

**Pending Motions**

Plaintiff's Motion for Recruitment of Counsel will be referred to a magistrate judge for disposition. (Doc. 3). As this Order directs the Marshals to serve the defendants, Plaintiff's Motion for service of process at government expense is **DENIED** as **MOOT**. (Doc. 4).

**Disposition**

**IT IS HEREBY ORDERED** that **Count 1** survives threshold review against Defendants Santos and Garcia.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Santos and Garcia: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 11, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**