IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-222-MAB |
| | ) |
| VENERIO SANTOS and | ) |
| ARNEL GARCIA, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Currently pending in this matter is the motion for summary judgment filed by Defendants Dr. Venerio Santos and Dr. Arnel Garcia (Doc. 37), as well as, the Report and Recommendation issued by the undersigned on October 18, 2019, recommending that the motion for summary judgment be granted (Doc. 53). Plaintiff Michael Brewer filed an objection to the Report and Recommendation, to which Defendants filed a response (Docs. 54, 55). Before District Judge J. Phil Gilbert entered an order adopting or rejecting the Report and Recommendation, the final consent from Defendants was filed and Judge Gilbert referred the case to the undersigned pursuant to 28 U.S.C. § 636(c) for all further proceedings (Docs. 8, 44, 45).

Now that the undersigned is the presiding judge in this matter, the Report and Recommendation dated October 19, 2019 (Doc. 53) is adopted as the undersigned's final order on Defendants' motion for summary judgment (Doc. 37), and the motion for

summary judgment is granted. The Court construes and considers Plaintiff's objections as a motion to reconsider.

To recap, Plaintiff was proceeding on an Eighth Amendment deliberate indifference claim against Defendants Dr. Venerio Santos and Dr. Arnel Garcia for failing to provide adequate treatment for his injured pinky finger (Docs. 1, 9, 53). In granting summary judgment, the Court declined to address whether Plaintiff's finger injury constituted a serious medical need and instead concluded that the evidence when viewed in a light most favorable to Plaintiff did not establish a genuine issue of fact as to whether Defendants acted with deliberate indifference (Doc. 53). Plaintiff objects to the conclusion that neither Dr. Santos nor Dr. Garcia were deliberately indifferent when both of them testified that the proper treatment for a sprain is immobilization/splinting, but neither of them prescribed that treatment, and Dr. Santos also did not prescribe Plaintiff any pain medication (Doc. 54).

The Court notes that Plaintiff's objections are a recapitulation of the arguments he made in his response in opposition to the motion for summary judgment that were already considered and rejected by the undersigned (Doc. 42). *See Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion that merely republishes the reasons that had failed to convince the [court] in the first place gives the [court] no reason to change its mind."). The Court has nevertheless carefully reviewed Plaintiff's objections, the findings of fact and conclusions of law set forth in the Report and Recommendation, and the relevant evidence (namely, the depositions of Dr. Santos and Dr. Garcia), and given fresh consideration to whether Dr. Santos and Dr. Garcia were deliberately indifferent. The

Court remains convinced that its analysis was sound, and it was correct in granting summary judgment to Defendants. Consequently, Plaintiff's objections, which have been construed as a motion to reconsider, are **DENIED**.

## Conclusion

The Report and Recommendation dated October 18, 2019 (Doc. 53) is **ADOPTED** as the undersigned's final Order on Defendants' motion for summary judgment. The motion for summary judgment (Doc. 37) is **GRANTED.** Plaintiff's Objections (Doc. 54), which have been construed as a motion to reconsider, are **DENIED**. Defendants Dr. Venerio Santos and Dr. Arnel Garcia are **DISMISSED** with prejudice from this action. The Clerk of Court is directed to enter judgment accordingly and close this case on the Court's docket.

IT IS SO ORDERED.

DATED: March 25, 2020

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**