IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-00222-MAB |
| | ) |
| VENERIO SANTOS AND ARNEL GARCIA, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Michael Brewer, a former inmate in the Illinois Department of Corrections, filed his lawsuit pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights (Doc. 1). Defendants Arnel Garcia and Venerio Santos filed a motion for summary judgment on December 10, 2018 (Doc. 37). On March 25, 2020, Defendants' motion for summary judgment was granted and this case was dismissed with prejudice (Doc. 59). The case was closed the same day (Doc. 60).

Now pending before the Court is Defendants' Bill of Costs. Defendants filed their Bill of Costs on March 31, 2020 seeking $1,280.40 for transcript fees (Doc. 61).

Plaintiff filed his objection on April 14, 2020 (Doc. 63). Plaintiff asserts he should not be required to pay the costs, as he was recently release from IDOC custody on January 17, 2020 after being imprisoned since 2015, and is currently unemployed and living with his sister in Chicago, Illinois (Doc. 63, p.2). In addition, Plaintiff describes only having

$100.00 in his bank account, with monthly expenses of approximately $128.74 that are being paid by a family member (*Id.*). Lastly, while he was ultimately unsuccessful, the Court previously determined his claims were not frivolous or malicious (*Id.* at p. 3, citing to Doc. 33).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted, however, if the losing party is indigent and has no ability to pay. *Id.*; *see also Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court imposed costs at this time or in the future.' " *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The burden of threshold factual finding of a party's inability to pay is placed on the losing party and should be supported by documentation in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.*

Here, Plaintiff was continuously incarcerated throughout the majority of this litigation until his release in January 2020. Attached to his objections, Plaintiff includes his own declaration, detailing his current finances, including his income and expenses (Doc. 63-1, pp. 1-3). He also included a print-out of his bank statement and proof that he receives government assistance in the form of Supplemental Nutrition Assistance Program ("SNAP") benefits (Doc. 63-1, pp. 5,9). Given that Plaintiff was released from prison less than a year ago, currently does not have a savings account, and receives government and family assistance to live, the Court finds that Plaintiff is incapable of paying the costs at any time in the near future.

Turning to the amount of the costs, Defendants seek a total of $1,280.40. That sum, while not astronomical, is quite substantial to an individual who was incarcerated for approximately five years and was recently released. Furthermore, the Court finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail and that he should be completely relieved of the obligation to pay Defendants' costs as he has submitted sufficient information about his current financial situation.

For these reasons, the Court finds that Defendants' Bills of Costs should be denied. Plaintiff Michael Brewer's objection (Doc. 63) is **SUSTAINED**. Defendants' Bill of Costs (Doc. 61) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:** October 2, 2020

s/ Mark A. Beatty
MARK A. BEATTY
**United States Magistrate Judge**
